IN THE UNITED STATES BANKRUTPCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **MILAGRO DE LA VEGA,** aka Milagro Y. De La Vega, aka Milagro Yasmin De La Vega, aka Milagro DeLaVega, dba Milagro Cleaning Services Debtor, | : : : : : | Chapter 13 **Case No. 5:16-bk-02676-RNO** |
| **CHARLES J. DEHART, III, CHAPTER 13 TRUSTEE** for Milagro De La Vega, Objector, v. **MILAGRO DE LA VEGA,** Respondent, | : : : : : : | Objection to Claim of Exemptions |

## RESPONSE TO OBJECTION TO DEBTOR'S EXEMPTIONS

AND NOW COMES Debtor **MILAGRO DE LA VEGA,** by and through her attorneys, **NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C.,** with Response to Objection to Debtor's Exemptions, and in support thereof avers:

1. Denied.

    a. Debtor's husband, Sergio J. De La Vega, passed in 2011.

    b. Debtor's husband earned approximately $120,000 annual gross income.

    c. Debtor was unemployed in 2011, and a dependent of her husband at the time of his passing.

    d. Debtor is a high school graduate with limited secondary education, has been employed as a house cleaner since 2012, and reasonably believes she have achieved her greatest potential income.

    e. The proceeds of Debtor's husband's life insurance were held in an account with Met Life, and have not been comingled since the benefits became hers to access and are "property that is traceable to - (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death." 11 U.S.C. § 522(d)(11)(C).

f. As of the date of filing, Debtor has a remaining life expectancy of approximately 34 years, or 408 months, based on consultation of online actuarial tables.

g. Averaged over her expected life, she has $735.29 per month for her use, excluding interest, which is at one half of one (0.5%) percent.

h. The life insurance proceeds are insufficient to maintain Debtor at her level of income and welfare prior to her husband passing away.

i. The life insurance proceeds are reasonably necessary for the support of Debtor to the extent not committed to her Chapter 13 Plan. See Schedules I and J. See 11 U.S.C. § 522(d)(11)(C).

j. As such, the life insurance proceeds are entirely exempt pursuant to 11 U.S.C. § 522(d)(11)(C).

WHEREFORE, Debtor **MILAGRO DE LA VEGA** prays this Honorable Court for an Order Denying the Trustee's Objection to Debtor's Exemptions, and for such other and further relief as the Honorable Court deems just and appropriate.

>
> NEWMAN, WILLIAMS, MISHKIN,
> CORVELEYN, WOLFE & FARERI, P.C.
>
> By: /s/ J. Zac Christman_____
> J. ZAC CHRISTMAN, ESQUIRE
> Attorneys for Debtor
> PO Box 511, 712 Monroe Street
> Stroudsburg, PA 18360
> (570) 421-9090; fax (570) 424-9739
> jchristman@newmanwilliams.com