United States Bankruptcy Court
Middle District of Pennsylvania

In re:
Milagro De La Vega
Debtor

Case No. 16-02676-RNO
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5    User: KADavis    Page 1 of 2    Date Rcvd: Jul 30, 2019
Form ID: 3180W    Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 01, 2019.

db +Milagro De La Vega, 774 River Road Apt 107, Edgewater, NJ 07020-1734
4805072 +AMEX/DSNB, 9111 DUKE BLVD, MASON, OH 45040-8999
4848696 Department Store National Bank, c/o Quantum3 Group LLC, PO Box 657, Kirkland, WA 98083-0657
4805075 +KML LAW GROUP, STE 5000-BNY INDEPEN CTR, 701 MARKET STREET, PHILADELPHIA, PA 19106-1538
4805077 +PHH MORTGAGE, 1 MORTGAGE WAY, MOUNT LAUREL, NJ 08054-4624
4805078 +PNC BANK, PO BOX 8703, DAYTON, OH 45401-8703
4805079 +PNC BANK NA, 3232 NEWMARK DRIVE, MIAMISBURG, OH 45342-5421
4852186 +PNC Bank, National Association, c/o PNC Mortgage, a division of PNC Bank, Attn: Bankruptcy, 3232 Newmark Drive, Miamisburg, OH 45342-5421
4805080 REAL TIME RESOLUTIONS, 1349 EMPIRE DR. SUITE 150, DALLAS, TX 75247-4029

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

4805073 EDI: BANKAMER.COM Jul 30 2019 23:08:00 BANK OF AMERICA, PO BOX 982238, EL PASO, TX 79998
4805074 +EDI: CRFRSTNA.COM Jul 30 2019 23:08:00 CREDIT FIRST NA, 6275 EASTLAND RD #5, BROOKPARK, OH 44142-1399
4839623 EDI: BL-BECKET.COM Jul 30 2019 23:08:00 Capital One NA, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701
4805076 E-mail/Text: bncnotices@becket-lee.com Jul 30 2019 19:12:11 KOHLS/CAPITAL ONE, PO BOX 3115, MILWAUKEE, WI 53201-3115
4840644 +EDI: MID8.COM Jul 30 2019 23:08:00 MIDLAND FUNDING LLC, PO BOX 2011, WARREN, MI 48090-2011
4805081 +E-mail/Text: bankruptcydept@wyn.com Jul 30 2019 19:12:23 RIVER VILLAGE PHASE IIIB OWNERS ASS, PO BOX 93, SHAWNEE ON DELAWARE, PA 18356-0093
4805082 +EDI: RMSC.COM Jul 30 2019 23:08:00 SYNCB/BANANA REP, PO BOX 965005, ORLANDO, FL 32896-5005
4837247 +E-mail/Text: bncmail@w-legal.com Jul 30 2019 19:12:21 TD BANK USA, N.A., C O WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, STE 400, SEATTLE, WA 98121-3132
4805083 +EDI: WTRRNBANK.COM Jul 30 2019 23:08:00 TD BANK USA/TARGET CREDIT, PO BOX 673, MINNEAPOLIS, MN 55440-0673
4805084 +EDI: WFFC.COM Jul 30 2019 23:08:00 WELLS FARGO CREDIT SERVICES, PO BOX 14517, DES MOINES, IA 50306-3517
4850640 EDI: WFFC.COM Jul 30 2019 23:08:00 Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438

TOTAL: 11

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2019    Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 30, 2019 at the address(es) listed below:

Charles J DeHart, III (Trustee) TWecf@pamd13trustee.com
J. Zac Christman on behalf of Debtor 1 Milagro De La Vega zac@fisherchristman.com, office@fisherchristman.com
James Warmbrodt on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
Joshua I Goldman on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
Monroe County Tax Claim Bureau MKnitter@monroecountypa.gov, DPugh@monroecountypa.gov
Thomas I Puleo on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
United States Trustee ustpregion03.ha.ecf@usdoj.gov

The following persons/entities were sent notice through the court’s CM/ECF electronic mail (Email) system (continued)

Vincent Rubino on behalf of Debtor 1 Milagro De La Vega
lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newmanwilliams.com;lbeaton@newmanwilliams.com;EAP-VR@outlook.com;rkidwell@newmanwilliams.com

TOTAL: 8

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Milagro De La Vega** | Social Security number or ITIN **xxx−xx−8764** |
| | First Name Middle Name Last Name | EIN _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court **Middle District of Pennsylvania**

Case number: **5:16−bk−02676−RNO**

# Order of Discharge

**12/18**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Milagro De La Vega
aka Milagro Y. De La Vega, aka Milagro Yasmin De La Vega, aka Milagro DeLaVega, dba Milagro Cleaning Services

7/30/19

**By the court:**

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: KADavis, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

## Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;
- some debts which the debtors did not properly list;
- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;
- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;
- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**